UNITED STATES of America, Plaintiff—Appellee,

v.

Richard Gordon MOLLETT, aka Richard Lee Ronkin, Defendant—Appellant.

No. 01–50397.
D.C. No. CR–01–00043–K–02.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2002.*

Submission Vacated April 8, 2002.

Submitted April 30, 2002.

Decided May 2, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.**

MEMORANDUM ***

Mollett's challenge to the facial constitutionality of 21 U.S.C. § 841(a) was rejected by this circuit in *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**360**

banc). Similarly, his challenge to the constitutionality of 21 U.S.C. § 960 is foreclosed by *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.2002).

Counts one and two of the indictment were properly joined with counts three and four under Federal Rule of Criminal Procedure 8(a). Rule 8 permits joinder if the offenses "are of the same or similar character." In this case, the offenses were clearly of the same or similar character: both sets of counts involved violations of Sections 841 and 960 by importing the same drug at the same port of entry two times within one week. *United States v. Rousseau,* 257 F.3d 925, 932 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001) (two counts of felon in possession, eight months apart, were clearly of same or similar character and properly joined).

Nor did the district court abuse its discretion by denying the motion to sever under Fed.R.Crim.P. 14. Mollett did not demonstrate that he would be unduly prejudiced by the joinder of counts. Furthermore, the jury was given a limiting instruction, which "militates against a finding" that any actual prejudice occurred. *See United States v. Fiorillo,* 186 F.3d 1136, 1145 (9th Cir.1999).

AFFIRMED.